```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
ROGER JASON CRIQUE,                                            :
                                                               : REPORT AND RECOMMENDATION
                Plaintiff,                                        12 Civ. 3345 (PAC) (GWG)
                                                               :
    -v.-                                                       :
                                                               :
DR. RICHARD MAGILL et al.,                                     :
                                                               :
                Defendants.                                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Roger Jason Crique, proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that defendants Dr. Richard Magill and Mount Vernon Hospital (collectively, "defendants") were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Defendants have moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. For the following reasons, defendants' motions to dismiss should be granted.

I.  BACKGROUND

   A.  Factual Background

For purposes of deciding defendants' motion to dismiss, the Court assumes that the allegations in Crique's complaint are true and draws all reasonable inferences from those facts in favor of Crique. See, e.g., Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). In light of Crique's pro se status, the Court has also considered factual allegations contained in his papers opposing the defendants' motions. See, e.g., Andino v. Fischer, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010) ("Courts may consider the allegations

1

contained in pro se plaintiffs' memorandum of law, where those allegations are consistent with the allegations in the complaint.").

Crique is currently incarcerated at Green Haven Correctional Facility. See Complaint under the Civil Rights Act, 42 U.S.C. § 1983, filed Apr. 26, 2012 (Docket # 2) ("Compl."), ¶ I.A. On January 25, 2012, Crique underwent hand surgery at Mount Vernon Hospital ("Mount Vernon" or "MVH"). Id. ¶ II.A–D. During this surgery, a "K-wire" was implanted into Crique's "hand/thumb." Id. ¶ II.D. Crique has not indicated who performed this surgery. At some point, the wire "slipped/dislodged" from its initial setting, causing "immense pain and suffering and undue duress and distress." Id. Crique experienced "immense pain and suffering as the slipped K-wire ripped through the layers of epidermis and cut through the dermis of [his] thumb which could have breeded [sic] infection and could have ultimately resulted in the amputation of [his] thumb if care were to had [sic] been neglected." Id. ¶ III.

Crique states that the "follow /up appointment(s) Post op. was labeled 'soon' (14 days)." Id. ¶ II.D. He was scheduled to have a "follow[-]up procedure" with Dr. Magill on February 8, 2012, but that appointment was rescheduled for February 16, 2012, "due to cancellation." Id. Dr. Magill knew about Crique's pain and Crique "pleaded with Dr. Magill to remove the displaced K-wire that was lodged in [his] thumb." Id. Dr. Magill, however, "neglected to provide [him] with ordinary care and expressed/displayed indifference," and "erred" by not prescribing him antibiotics. Id. On February 28, 2012, medical staff at Green Haven prescribed antibiotics for Crique. Id. On March 8, 2012, 43 days after the original surgery, Dr. Magill removed the K-wire from Crique's hand. Id. Crique "experience[s] limited range of motion." Id. ¶ III.

B.    Procedural History

Crique filed his complaint on April 26, 2012. See Compl. On July 30, 2012, Mount Vernon filed an answer. See Answer, filed July 30, 2012 (Docket # 11). Crique's complaint originally named Dr. Kun-Young Chung, the medical director of Mount Vernon, as a defendant; but on December 28, 2012, this Court granted Crique's request to dismiss Dr. Chung as a party. See Order, dated Dec. 28, 2012 (Docket # 47). On October 3, 2012, this Court issued an order staying discovery pending the disposition of defendants' proposed motions. See Order, dated Oct. 3, 2012 (Docket # 20). On November 21, 2012, Dr. Magill filed a motion to dismiss or, in the alternative, for summary judgment.[1] Mount Vernon filed a similar motion.[2] Crique filed papers in response to defendants' motions. See Opposition to Defendants' Motion to Dismiss, dated Jan. 14, 2013 (Docket # 51) ("Crique Opp."); Reply to Defendant's 56.1 Statement, dated Jan. 14, 2013 (Docket # 50). Dr. Magill filed a reply brief. See Reply Memorandum of Law in Support of Dr. Magill's Motion to Dismiss, filed Jan. 17, 2013 (Docket # 48) ("Magill Reply"). Crique then filed a document entitled "Notice of Motion," which requested an order "holding The Mount Vernon Hospital in default as they are to be held Post Answer" and an order "issuing

---

[1] See Notice of Motion to Dismiss or, in the Alternative, for Summary Judgment, filed Nov. 21, 2012 (Docket # 29); Memorandum of Law in Support of Defendant Magill's Motion to Dismiss, or in the Alternative, for Summary Judgment, filed Nov. 21, 2012 (Docket # 30) ("Magill Mem."); Local 56.2 Notice to Pro Se Litigant Opposing a Motion to Dismiss, filed Nov. 21, 2012 (Docket # 31); Declaration of Jeffrey Hale in Support of Motion to Dismiss, filed Nov. 21, 2012 (Docket # 32) ("Hale Aff. 1"); Defendant's Rule 56.1 Statement, filed Nov. 21, 2012 (Docket # 33) ("Magill 56.1 Statement").

[2] See Notice of Motion to Dismiss or in the Alternative for Summary Judgment, filed Dec. 18, 2012 (Docket # 41); Defendant's Rule 56.1 Statement, filed Dec. 18, 2012 (Docket # 42) ("MVH 56.1 Statement"); Declaration of Jeffrey Hale in Support of Motion to Dismiss, filed Dec. 18, 2012 (Docket # 43) ("Hale Aff. 2"); Memorandum of Law in Support of Defendant Mount Vernon Hospital's Motion to Dismiss or in the Alternative, for Summary Judgment, filed Dec. 18, 2012 (Docket # 44) ("MVH Mem.").

a dismissal of the new found and unrepresented defense of Qualified Immunity," see Notice of Motion, dated Jan. 28, 2013 (Docket # 52) ("Jan. 28 Motion"). Crique attached to this document a statement entitled "Special Circumstances and Urgent Matters Deserving of the Court's Attention/ along with Objections to Certain Aspects and Defendants' Standings," dated Jan. 28, 2013 (annexed to Notice of Motion) ("Special Circs. St."). Mount Vernon submitted a reply brief, see Reply Memorandum of Law in Support of Defendant Mount Vernon Hospital's Motion to Dismiss or in the Alternative, for Summary Judgment ("MVH Reply"), and attached an amended answer to this reply, see Amended Verified Answer, dated Feb. 1, 2013 (annexed as Ex. 1 to MVH Reply).[3] Crique later filed a response to this amended answer. See Reply to Defendant's Amended Verified Answer, dated Feb. 16, 2013 (Docket # 55).

II.     APPLICABLE LAW

    A.     Legal Standard Governing a Motion to Dismiss

A party may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the opposing party's pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a court must accept as true all of the allegations contained in a complaint, that principle does not apply to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation, internal quotation marks, and brackets omitted). In other words, "[t]hreadbare recitals

---

[3] The docket sheet reflects that MVH's attempt to file this document via ECF was rejected by the Clerk for technical reasons. MVH has not yet complied with the Clerk's instruction to refile the document. See Docket Text, entered Feb. 4, 2013 (regarding Docket # 53).

of the elements of a cause of action, supported by mere conclusory statements, do not suffice,"
Iqbal, 556 U.S. at 678, and thus a court's first task is to disregard any conclusory statements in a
complaint, id. at 679.

Next, a court must determine if a complaint contains "sufficient factual matter" which, if
accepted as true, states a claim that is "plausible on its face." Id. at 678 (citation and internal
quotation marks omitted); accord Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117,
121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the
conclusion that the defendant violated the law, but which actively and plausibly suggest that
conclusion."). "A claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged. The plausibility standard is not akin to a probability requirement, but it asks for more
than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citations
and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct," a complaint is insufficient under Fed. R.
Civ. P. 8(a) because it has merely "alleged" but not "'show[n]' – 'that the pleader is entitled to
relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In the case of pro se plaintiffs, "[a] document filed pro se is to be liberally construed, and
a pro se complaint, however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and
internal quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.
1999) (a pro se party's pleadings should be construed liberally and interpreted "'to raise the
strongest arguments that they suggest'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.
1994)). However, even pro se pleadings must contain factual allegations that "'raise a right to

relief above the speculative level.'"  Dawkins v. Gonvea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

The standard for analyzing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See, e.g., Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

      B.      Deliberate Indifference under 42 U.S.C. § 1983

To state a claim under section 1983, Crique must show that he was denied a constitutional or federal statutory right and that the deprivation of such right occurred under color of state law.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  Section 1983 does not grant any substantive rights but rather "provides only a procedure for redress for the deprivation of rights established elsewhere," such as in the Constitution or federal statutes.  See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), cert. denied, 512 U.S. 1240 (1994).  Additionally, "'[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

To establish a violation of the Eighth Amendment arising out of inadequate medical treatment, a prisoner is required to prove "deliberate indifference to [his] serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).  The deliberate indifference standard consists of both a subjective prong and an objective prong.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995).  To establish that a prison official was deliberately indifferent toward an inmate's health,

a plaintiff must demonstrate: (1) that the plaintiff "had a serious medical condition," and (2) that the prison official was "deliberately indifferent" to that condition.  Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (internal quotation marks omitted).

> As to the subjective component, the Second Circuit has explained that
>
> > the official charged with deliberate indifference must act with a "sufficiently culpable state of mind."  See Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  That is, the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).
>
> Hill, 657 F.3d at 122.  It has further noted that:
>
> > "[d]eliberate indifference" describes a mental state more blameworthy than negligence; but a plaintiff is not required to show that the defendant acted for the "very purpose of causing harm or with knowledge that harm will result."  Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Estelle, 429 U.S. at 104, 97 S. Ct. 285).  Deliberate indifference is "a state of mind that is the equivalent of criminal recklessness."  Hathaway v. Coughlin ("Hathaway II"), 99 F.3d 550, 553 (2d Cir. 1996).  A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'"  Chance, 143 F.3d at 703 (quoting Hathaway II, 99 F.3d at 553).

Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005).  Thus, "disagreements over medications, diagnostic techniques . . . , forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim."  Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); see also id. ("A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.  Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred.") (citation omitted); accord Jordan v. Fischer, 773 F.

Supp. 2d 255, 276 (N.D.N.Y. 2011) (citation omitted).

Under the objective prong, the alleged medical need must be "sufficiently serious." Hathaway, 37 F.3d at 66 (citation and internal quotation marks omitted). A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. (citation and internal quotation marks omitted). "Factors that have been considered include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (citations omitted). When the basis for an inmate's claim of deliberate indifference is a delay in the provision of medical treatment, the relevant concern is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).

III.  DISCUSSION

    A.  Exhaustion

In their moving papers, the defendants asserted Crique's failure to exhaust administrative remedies as an affirmative defense and attached papers outside the pleadings in support. Magill Mem. at 5–7; MVH Mem. at 5–7; Hale Aff. 1; Hale Aff. 2; Magill 56.1 Statement; MVH 56.1 Statement. Both defendants have since withdrawn the exhaustion defense, however. Magill Reply at 6; MVH Reply at 3. Accordingly, we do not address it further. As a result, we need not consider any materials outside the pleadings and it is unnecessary to convert the defendants'

motions into motions for summary judgment pursuant to Fed. R. Civ. P. 12(d).[4]

    B.    <u>Failure to State a Claim</u>

Crique alleges that Dr. Magill violated his Eighth Amendment rights by failing to remove the displaced K-wire from his hand earlier and failing to prescribe antibiotics earlier. Compl. ¶ II.D. Defendants argue that Crique has failed to state a claim under the Eighth Amendment and that defendants are shielded from suit by qualified immunity. Magill Mem. at 8–12; MVH Mem. at 7–11. We address the subjective prong of the deliberate indifference analysis first because it is dispositive here.

Crique's complaint and other papers allege that Dr. Magill "neglected to provide me with ordinary care and expressed/displayed indifference," Compl. ¶ II.D, and that Dr. Magill's actions "evinced an act of culpable negligence," Crique Opp. at 1. But allegations of negligence or error amounting to medical malpractice are insufficient to sustain a claim of deliberate indifference under section 1983. See <u>Farmer</u>, 511 U.S. at 835 (clarifying that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'") (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)); <u>Williams v. Vincent</u>, 508 F.2d 541, 546 (2d Cir. 1974) ("We have already noted that mere negligence by a state prison doctor may give rise to a malpractice claim in state courts but not to a violation of federal constitutional rights."); <u>Vento v. Lord</u>, 1997 WL 431140, at *3 (S.D.N.Y. July 31, 1997) ("It is well established . . . that allegations of negligence, medical malpractice or claims based on a

---

    [4] Crique objects to defendants' withdrawal of their exhaustion defense on the ground that he was unnecessarily required to respond to their arguments. See Special Circs. St. at 1. There is no evidence of bad faith on the part of the defendants, however, and in any event, the withdrawal does not constitute a basis for rejecting the defendants' arguments for dismissal on the merits.

difference of opinion over matters of medical judgment do not give rise to an Eighth Amendment violation."). The decisions in question, when to prescribe antibiotics and when to perform further surgery, constitute "a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107. "[P]rison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons." Sonds, 151 F. Supp. 2d at 311. Where a prisoner has not alleged that a doctor "knowingly and intentionally rendered improper treatment, Plaintiff's asserted dissatisfaction with the treatment itself is insufficient to support the subjective prong of deliberate indifference." Jones v. Mack, 2012 WL 386269, at *5 (S.D.N.Y. Feb. 3, 2012). Here, Crique has made no factual allegations that would plausibly show that Dr. Magill knowingly provided inadequate care. Crique's statement that Dr. Magill "expressed/displayed indifference," Compl. ¶ II.D, is conclusory and thus cannot support his claim.

A similar conclusion was reached in Libbett v. Doody, 686 F. Supp. 2d 271 (W.D.N.Y. 2010), in which the district court held that the complaint did not allege deliberate indifference merely because the inmate was not seen by an orthopedist after the inmate suffered a fall but was instead prescribed pain medication. Id. at 274, 277–78. After "repeatedly inform[ing]" one of the defendants about "his continued pain over the following weeks and months," plaintiff was evaluated by an orthopedic specialist who informed him "that he would need two months of physical therapy to alleviate his severe muscle spasms." Id. at 274. Nevertheless, the district court found no Eighth Amendment violation, noting that the defendant "did provide [plaintiff] with some treatment." Id. at 278. Though the plaintiff was "dissatisfied with the treatment that he received," which was "not as effective as he would have liked" and was not given "as quickly as he would have preferred," the district court nevertheless found "[a]t most, plaintiff has alleged

that defendants were negligent in their treatment of his injuries." Id.; see also Alston v. Bendheim, 672 F. Supp. 2d 378, 386–87 (S.D.N.Y. 2009) (plaintiff failed to allege sufficient facts that defendant "was aware that a substantial risk of harm to Plaintiff's health existed" where defendant "did not disregard Plaintiff's complaints but took action in response to them").

The same is true here. Nothing in the facts alleged by Crique plausibly shows deliberate indifference. He has not alleged facts demonstrating that Dr. Magill was even responsible for the delay in removing the K-wire. Instead, he states only that the original appointment was "rescheduled due to cancellation." Compl. ¶ II.D; see Oliver v. Haddock, 2009 WL 4281446, at *6 (S.D.N.Y. Dec. 1, 2009) (dismissing complaint where plaintiff's "allegations fail to state a cause of action because he asks the Court to assume what is a mere possibility: that [defendant doctor], as opposed to some other person, was responsible for picking the date for plaintiff's [appointment]"), adopted, 2010 WL 305282 (S.D.N.Y. Jan. 22, 2010). Dr. Magill ultimately removed the wire "43 days after surgery," and Crique was prescribed antibiotics by Green Haven Medical Staff on February 28, 2012 — 12 days after his appointment with Dr. Magill. Compl. ¶ II.D. These allegations on the timing of his treatment do not show a violation of the Eighth Amendment. See, e.g., Arnold v. Westchester Cnty. Corr. Facility, 2011 WL 3501897, at *4 (S.D.N.Y.) (delay in prescribing antibiotics did not constitute deliberate indifference where plaintiff failed to allege that doctor "knew that the failure to prescribe antibiotics for him could lead to an excessive risk to his health and safety"), adopted, 2011 WL 3475407 (S.D.N.Y. Aug. 9, 2011); White v. Sears, 2011 WL 2728443, at *6 (N.D.N.Y.) (delay in seeing physician for two months did not rise to level of deliberate indifference), adopted, 2011 WL 2728431 (N.D.N.Y. July 12, 2011). Obviously, Crique's allegations that the slipped K-wire "could have" caused an infection or the amputation of his thumb, Compl. ¶ III, do not reflect any actual injury to him.

11

In sum, Crique has not pled facts showing that any defendant violated the subjective prong of the deliberate indifference standard. Accordingly, his claims under section 1983 against all defendants must be dismissed.[5]

C. State Law Claims

Liberally construing the complaint, Crique may be attempting to assert state law claims sounding in medical malpractice or negligence against Dr. Magill or Mount Vernon. Federal courts have "supplemental jurisdiction" over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Nonetheless, a district court should normally decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3); accord United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998); Lennon v. Miller, 66 F.3d 416, 426 (2d Cir. 1995). Here, Crique's section 1983 claims provided the only basis for federal jurisdiction. Thus, the Court should decline to exercise supplemental jurisdiction over Crique's state law claims.

---

[5] Mount Vernon would have to be dismissed for a separate reason as well. "Private employers are not [vicariously] liable under § 1983 for the constitutional torts of their employees." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408–09 (2d Cir. 1990) (citing cases), cert. denied, 502 U.S. 809 (1991); accord Whalen v. Allers, 302 F. Supp. 2d 194, 202–03 (S.D.N.Y. 2003) (private employer cannot be held vicariously liable under § 1983 because "'there is no tenable reason[] to distinguish a private employer from a municipality'") (quoting Temple v. Albert, 719 F. Supp. 265, 268 (S.D.N.Y. 1989)). Rather, to state a section 1983 claim against a private entity, a plaintiff must allege that an action pursuant to some official policy caused the constitutional deprivation. Rojas, 924 F.2d at 408–09 (citations omitted); Jouthe v. City of N.Y., 2009 WL 701110, at *18 (E.D.N.Y. Mar. 10, 2009) (citation omitted); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (citation omitted). In addition, a plaintiff must show that the entity was acting under color of state law. Rojas, 924 F.2d at 408. Neither of these showings has been made here as to Mount Vernon.

D.  Crique's Additional Requests

Crique makes various requests in his January 28 motion. To the extent he seeks a default judgment against Mount Vernon and "an order issuing a stipulation settlement for the total of $9,500.00," see Jan. 28 Motion, there is no basis for granting such requests.

Likewise, there is no basis for plaintiff's apparent request to "dismiss" Mount Vernon's qualified immunity defense, id. — a request made also in his "Special Circumstances" statement, Special Circs. St. at 1–2. Contrary to Crique's argument, both Dr. Magill and Mount Vernon included claims of qualified immunity in their initial memoranda in support of their respective motions to dismiss, see Magill Mem. at 11–12; MVH Mem. at 11, and there is nothing improper about defendants' raising such an argument in their briefs.

III.  CONCLUSION

For the foregoing reasons, defendant Dr. Magill's motion to dismiss (Docket # 29) and defendant Mount Vernon Hospital's motion for judgment on the pleadings (Docket # 41) should be granted. Plaintiff's motion for a default judgment (Docket # 52) should be denied.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty and to the undersigned at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted

13

to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 1, 2013
      New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge