```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 09, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROGER JASON CRIQUE,                          :
                                             :
                          Plaintiff,         :            12 Civ. 3345 (PAC) (GWG)
                                             :
          - v.-                              :            ORDER
                                             :
DR. RICHARD MAGILL et al.,                   :
                                             :
                          Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


HONORABLE PAUL A. CROTTY, United States District Judge:

In this action, Plaintiff Roger Jason Crique ("Crique"), proceeding pro se, asserts a claim

under 42 U.S.C § 1983, alleging that defendants Dr. Richard Magill and Mount Vernon Hospital

violated his Eighth Amendment rights by delaying treatment for pain caused by a K-wire that

became dislodged from his hand after surgery. (Dkt. No. 2.)[1] Defendants moved to dismiss for

failure to state a claim, or in the alternative, for summary judgment. On May 1, 2013, Magistrate

Judge Gabriel W. Gorenstein issued a Report and Recommendation ("R&R") that the

defendants' motion to dismiss should be granted. (Dkt. No. 56.) No objections have been filed.

For the reasons set forth below, the Court adopts Magistrate Judge Gorenstein's R&R in its

entirety.

## BACKGROUND

### A.  Factual Background and Procedural History

The factual background of this dispute is set forth in the May 1, 2013 R&R. (R&R at 1-

2.) Crique is currently imprisoned at Green Haven Correctional Facility. (Dkt. No. 2, Compl. ¶

---

[1] Crique also identified Dr. Kun-Young Chung, medical director at Mount Vernon Hospital, as a defendant in his
complaint, but on December 28, 2012, Magistrate Judge Gorenstein granted the plaintiff's request to dismiss Dr.
Chung as a party.  (Dkt. No. 47.)

1

I.A.) On January 25, 2012, Crique underwent hand surgery at Mount Vernon Hospital, during
which a K-wire was put into Crique's "hand/thumb." (Id. ¶ II.D.) After the surgery, the wire
"slipped/dislodged from its initial setting," causing Crique "immense pain and suffering." (Id.)
Crique does not state the precise date that the wire became loose. Crique was scheduled to have a
"follow[-]up procedure" with Dr. Magill on February 8, 2012; however, that appointment was
rescheduled for February 16, 2012 "due to cancellation." (Id.)  At a time unspecified in the
complaint, Crique "pleaded with Dr. Magill to remove the displaced K-wire that was lodged in
[his] thumb." (Id.) Dr. Magill did not immediately remove the wire or provide antibiotics. (Id.)
On February 28, 2012, medical staff at Green Haven prescribed antibiotics. (Id.) On March 8,
2012, 43 days after the original surgery, Dr. Magill removed the K-wire. (Id.)

The procedural history of the action is set forth in the R&R on pages three and four and
footnotes one and two of this order. In relevant part, Crique filed his complaint on April 26,
2012. (Dkt. No. 2.) On November 21, 2012 and January 31, 2013, Dr. Magill and Mount Vernon
each respectively filed a motion to dismiss or in the alternative, for summary judgment. (Dkt.
Nos. 29, 41.) On January 31, 2013, Crique moved for a default judgment, and also requested an
order "issuing a stipulation settlement for the total of $9,500.00." (Dkt. No. 52.)

### B. Magistrate Judge Gorenstein's Report and Recommendation

In the R&R dated May 1, 2013, Magistrate Judge Gorenstein recommended that the
defendants' motions to dismiss be granted. First, the Magistrate Judge declined to convert the
defendants' motions to dismiss into motions for summary judgment. Since both defendants
withdrew their exhaustion defense,[2] the Magistrate Judge did not have occasion to consider any
accompanying materials outside the pleadings. (R&R at 8.) With respect to the § 1983 claim,

---

[2] Defendants mentioned that Crique failed to exhaust his administrative remedies and attached matters outside the
pleadings in support of their affirmative defense. The defense was later withdrawn.  (R&R at 8.)

Magistrate Judge Gorenstein concluded that Crique failed to satisfy the subjective element of the deliberate indifference analysis because at most, Crique's allegations sounded in ordinary negligence, not criminal recklessness. (Id. at 9-12.) He opined that the plaintiff's factual allegations with respect to timing and any delays in treatment did not plausibly show that the defendants deliberately provided inadequate medical care. (Id.) Further, Magistrate Judge Gorenstein recommended denying the plaintiff's motion for a default judgment because Crique lacked any basis for requesting such relief. (Id. at 13.) Finally, he recommended that the Court decline to exercise supplemental jurisdiction over any state law claims for medical malpractice in light of the recommended dismissal of the § 1983 claim. (Id. at 12.)

**DISCUSSSION**

**I.      STANDARD OF REVIEW**

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). A district court reviews those portions of the R&R to which no timely objections have been made for clear error. See La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). While the Court is aware of Crique's pro se status and gives his complaint all requisite latitude, Crique is "not exempt from the rules of procedural and substantive law." DiPilato v. 7-Eleven, Inc., 662 F. Supp 2d 333, 343 (S.D.N.Y. 2009) (quotation omitted).

**II.     APPLICABLE LAW**

**A. Legal Standard Governing a Motion to Dismiss**

A party may move to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when the opposing party's pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must determine if a complaint contains "sufficient

3

factual matter" which, if accepted as true, states a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678. The court draws all reasonable inferences from the facts alleged in the plaintiff's favor. Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). In the case of pro se plaintiffs, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Even pro se pleadings, however, must contain factual allegations that raise a "right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Because Crique is proceeding pro se, the Court may consider the factual allegations contained in his opposition papers. See Andino v. Fischer, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010).

**B. Deliberate Indifference Standard Under 42 U.S.C. § 1983**

To be entitled to relief pursuant to § 1983, Crique must show that he was denied a constitutional or federal statutory right under color of state law. See 42 U.S.C. § 1983; see also West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 itself is not a source of any substantive rights, but rather "provides only a procedure for redress for the deprivation of rights established elsewhere." See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), cert. denied, 512 U.S. 1240 (1994).

Medical malpractice alone does not amount to an Eighth Amendment violation. Instead, the prisoner is required to prove "deliberate indifference to his serious medical needs." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). The deliberate indifference standard contains both objective and subjective requirements. Id. To show that a prison official was deliberately

4

indifferent toward a prisoner's health, a plaintiff must establish: (1) that the plaintiff objectively "had a serious medical condition," and (2) that the prison official was subjectively "deliberately indifferent" to that condition. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (internal quotation marks omitted).

Objectively, the alleged medical condition must be "sufficiently serious" such that it constitutes "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation and internal quotation marks omitted). Subjectively, the prison official alleged to have been deliberately indifferent must have acted with a "sufficiently culpable state of mind." See Wilson v. Seiter, 501 U.S. 294, 298 (1991). In other words, "the official must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Hill, 657 F.3d at 122 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The Second Circuit has analogized the subjective mental state requirement of the deliberate indifference standard to that of criminal recklessness, that is, a failure to act that demonstrates a "conscious disregard of a substantial risk of serious harm." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005) (quotation omitted). The mere fact that an inmate feels that he did not receive adequate attention, or would have preferred some other form of treatment, does not constitute deliberate indifference. Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (citations omitted).

## C. Analysis

The Court agrees with the Magistrate Judge's recommendation that the objective standard need not be reached due to plaintiff's failure to adequately plead that defendants had a

5

subjectively culpable state of mind. (R&R at 9-12.) Crique's complaint alleges that Dr. Magill "neglected to provide . . . ordinary care and expressed/displayed indifference." (Compl. ¶ II.D.) Accusations of ordinary negligence, however, do not rise to the recklessness standard necessary to prove deliberate indifference under § 1983. See Farmer, 511 U.S. at 835 ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety.") (quotation omitted).

Aside from Crique's conclusory assertions of indifference, Crique has failed to plead any facts that would plausibly show that Dr. Magill knowingly or intentionally provided improper treatment. While delays in providing necessary medical care may in some cases demonstrate deliberate indifference, the Second Circuit has reserved those instances to cases when prison officials "deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery for over two years." Demata v. New York State Correctional Dep't of Health Servs., 1999 U.S. App. LEXIS 22955, at *5 (2d Cir. September 17, 1999) (citations omitted).  Section 1983 does not exist to empower courts to second guess ordinary medical practices at prisons. Sonds, 151 F. Supp. 2d at 311. Crique has not alleged that Dr. Magill personally and recklessly caused the delay in removing the K-wire, but merely asserts that the initial appointment was "rescheduled due to cancellation." (Compl. ¶ II.D); see Oliver v. Haddock, 2009 WL 4281446, at *6 (S.D.N.Y. Dec. 1, 2009) (recommending dismissal of complaint where plaintiff failed to demonstrate that the doctor, as opposed to another individual, selected the date for surgery, and did so with deliberate indifference to the plaintiff's medical need), adopted, 2010 WL 305282 (S.D.N.Y. Jan. 22, 2010).

Furthermore, Dr. Magill ultimately removed the K-wire "43 days after surgery," and Crique was prescribed antibiotics by Green Haven Medical Staff 12 days after his appointment

6

with Dr. Magill. (Compl. ¶ II.D.) The alleged delays are de minimis and do not remotely suggest deliberate indifference. E.g., Glover v. Greenman, 2013 U.S. Dist. LEXIS 47318, at *25 (S.D.N.Y. April 1, 2013) (finding that a two-and-a-half month delay in the provision of dental treatment does not constitute deliberate indifference); White v. Sears, 2011 WL 2728443, at *6 (N.D.N.Y. June 20, 2011 ) (concluding that the plaintiff's two-month wait to see a physician did not rise to level of deliberate indifference), adopted, 2011 WL 2728431 (N.D.N.Y. July 12, 2011). Nor has the plaintiff alleged any circumstances from which the Court can infer that any delay was inflicted deliberately as a form of punishment, ignored a time-sensitive condition or excessively delayed major surgery. Demata, 1999 U.S. App. LEXIS 22955, at *5.

**III.   CONCLUSION**

Finding no clear error in Magistrate Judge Gorenstein's analysis, the Court adopts the R&R in its entirety.  Specifically the Court grants the defendants' motions to dismiss and denies the plaintiff's motion for a default judgment. Any outstanding motions on the docket should be terminated. The Clerk of Court is directed to enter judgment and to close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated:  New York, New York
        July 09, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Roger Jason Crique
07-A-5826
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

7