UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROGER JASON CRIQUE,

               Plaintiff,

   -against-

DR. RICHARD MAGILL et al.,

               Defendants.

-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-19-14
```

12 Civ. 3345 (PAC) (GWG)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Roger Jason Crique ("Crique") brings this *pro se* action under 42 U.S.C. § 1983,

alleging that Defendants Dr. Richard Magill ("Magill") and Mount Vernon Hospital were

deliberately indifferent to his medical needs in violation of his Eighth Amendment right, in that

they delayed treatment for pain caused by a K-wire in his thumb that became dislodged after

surgery. (Dkt. No. 2.) Defendant Magill moved to dismiss for failure to state a claim, or in the

alternative, for summary judgment. Defendant Mount Vernon Hospital moved for judgment on

the pleadings.  Crique moved for a default judgment, among other relief,[1] on January 28, 2013.

On May 1, 2013, Magistrate Judge Gabriel W. Gorenstein issued a report and recommendation

("R&R") recommending that the Court grant Defendants' motion to dismiss and motion for

judgment on the pleadings, decline to exercise supplemental jurisdiction over Plaintiff's state law

claims, and deny Crique's January 28 motion. (Dkt. No. 56.) For the reasons set forth below, the

Court adopts Magistrate Judge Gorenstein's R&R in its entirety.

---

[1] Crique also moved to "dismiss" Mt. Vernon's qualified immunity defense, and for "an order issuing a stipulation
settlement for the total of $9,500.00" against Mount Vernon Hospital.

## BACKGROUND[2]

On July 9, 2013, the Court issued an order adopting Magistrate Judge Gorenstein's R&R in its entirety. The Court stated that no objections had been filed. On July 26, 2013, Crique stated that he had not been mailed a copy of the R&R. Accordingly, the Court afforded Crique an extension of thirty days to object to Magistrate Judge Gorenstein's R&R. The Court now has Crique's objections to the R&R.

## DISCUSSION

### I.   Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court reviews those portions of the R&R to which no timely objections have been made for clear error. See La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). When a party makes a timely objection, the contested portions are reviewed de novo, see 28 U.S.C. § 636(b)(1), but when the objections simply reiterate previous arguments or make conclusory statements, the court reviews the report for clear error. See Kirk v. Burge, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases); Vega v. Artuz, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002). ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.") While the Court affords Crique some latitude based on his pro se status, Crique is "not exempt from the rules of procedural and substantive law." DiPilato v. 7-Elevan, Inc., 662 F. Supp 2d 333, 343 (S.D.N.Y. 2009)(quotation omitted).

---

[2] For the facts of this case, see *Crique v. Magill*, No. 12 Civ. 3345( PAC)(GWG), 2013 WL 1812195 (S.D.N.Y. May 1, 2013).

## II.    Analysis

Crique fails to raise any objections to Magistrate Judge Gorenstein's conclusion that his January 28, 2013 motion for default judgment and other relief be dismissed. Finding no clear error in this conclusion, the Court adopts the recommendation.

In his other objections, Crique fails to cite any legal authority or fact that undermines the analysis in Magistrate Judge Gorenstein's R&R. His objections are conclusory and simply rehash his previous arguments. The Court therefore reviews the R&R for clear error.

Crique objects that Dr. Magill's awareness of the K-wire that was dislodged in Crique's thumb is *per se* deliberate indifference. Magistrate Judge Gorenstein addressed this argument in his R&R. To prove deliberate indifference to a serious medical need under the Eight Amendment a plaintiff must plead (1) that he had a "sufficiently serious" medical condition and (2) that the official in question had a "sufficiently culpable state of mind." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Crique failed to adequately plead that Dr. Magill had a subjectively culpable state of mind.  Dr. Magill's assessment of when to perform surgery, in this case for the removal of the K-wire, is a "classic example of a matter for medical judgment," Estelle v. Gamble, 429 U.S. 97, 107 (1976), with which federal courts are not meant to interfere. Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2011).

Crique mistakenly believes that the R&R concluded that he did not suffer from a sufficiently serious medical condition. The R&R, however, never specifically addressed the objective element of the deliberate indifference test because it was unnecessary given Crique's failure to plead facts meeting the subjective element. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Crique argues for the first time in his objections that he suffers from, inter alia, major

3

depressive disorder, borderline personality disorder, and psychotic features on account of his thumb. Other than a tenuous connection to the objective element of the deliberate indifference standard, which the Court need not address in light of the above analysis, these new arguments are unrelated to Crique's claims.

Crique also asserts that his rights were violated based on the "Milburn decree," which sets forth the requirements for the operation of the Unit for the Physically Disabled at Green Haven Correctional Facility. Milburn v. Coughlin, 2002 WL 392284 (S.D.N.Y. Mar. 13, 2002) aff'd in part, vacated in part, 83 F. App'x 378 (2d Cir. 2003). In an argument raised for the first time in his objections, Crique claims that the Milburn decree requires medical care for prisoners within thirty days, and he did not receive care until 43 days after his injury. Courts will not consider an argument raised for the first time in objections if it could have been raised earlier. See Chalasani v. Daines, 2011 U.S. Dist. LEXIS 113650, at *3 (E.D.N.Y. Sept. 26, 2011). Furthermore, Crique's claim is simply inaccurate. Paragraph VII of the Milburn decree states ". . . Patients being sent to a medical specialist must be seen according to the priority system outlined in this section: emergencies are to be seen immediately; patients with urgent conditions within 2 weeks; and patients with most other conditions within 45 days. . . ." Moreover, a purported violation of the Milburn decree does not create constitutional causes of action and cannot provide a basis for a § 1983 claim. See McEachin v. Selsky, 2010 U.S. Dist. LEXIS 84135, at *23 (N.D.N.Y. Mar. 30, 2010) (report and recommendation adopted in 2010 U.S. Dist. LEXIS 84106 (N.D.N.Y. Aug. 17, 2010)).

Finally, Crique objects in conclusory fashion that the Court should exercise supplemental jurisdiction over his state law claims because the Court "has not dismissed any claim which is

4

within its original jurisdiction." Since the Court dismisses his federal claims in this Order, Crique's objection is unavailing.

The Court adopts the R&R's recommendation and declines to exercise supplemental jurisdiction over Crique's state law claims.

### CONCLUSION

For the foregoing reasons, and upon consideration of Crique's objections, the Court adopts Magistrate Judge Gorenstein's R&R in its entirety. The Court grants Defendant Magill's motion to dismiss and Defendant Mt. Vernon Hospital's motion for judgment on the pleadings. Plaintiff's § 1983 claims are dismissed with prejudice, and Plaintiff's state law claims, over which the court declines to exercise supplemental jurisdiction, are dismissed without prejudice. The Court denies Plaintiff's January 28, 2013 motion for default judgment and other relief. Pursuant to 28 U.S.C. § 1915(a), the Court finds that any appeal from this Order would not be taken in good faith. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
      June 19, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed to:
Roger Jason Crique
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000